(21 Misc. Rep. 268.)

BLANC v. BLANC.

(Supreme Court, Special Term, New York County. September, 1897.)

1. DIVORCE—DECREE—PROHIBITION OF USE OF HUSBAND'S NAME.
   A provision, in a decree of divorce for the misconduct of the wife, prohibiting her from using her husband's name, or any portion thereof, is not subject to collateral attack as being beyond the power of the court.

2. SAME—INJUNCTION.
   Since such a provision is not subject to collateral attack, an injunction to restrain the divorced wife from using her former husband's name will be denied as unnecessary.

Frederic N. Blanc obtained a divorce from his wife, Elizabeth L. Blanc. He now moves to punish defendant for contempt, because of

her continued use of the name of "Baroness Blanc," in disobedience of the judgment of divorce, and for an injunction restraining the use of the name by her. Motion to punish for contempt granted, but injunction denied.

Dittenhoefer, Gerber & James, for plaintiff.
Howe & Hummel, for defendant.

RUSSELL, J. The substantial thing in controversy is the use of a name by the former wife, now divorced on account of her adultery. In the first case the motion is to punish for contempt, for her continued use of the name "Baroness Blanc," in defiance of the judgment of divorce providing:

"It is further ordered, adjudged, and decreed ＊ ＊ ＊ that the defendant be prohibited from using the name of 'Blanc,' or 'Frederic N. Blanc,' as her name, or any portion of her name."

In the second case the same defendant is sued to enjoin her further use of the name "Baroness Blanc," and the action is brought against her under the present name she wears, having remarried since the divorce.

It is strenuously urged by the defendant's counsel that the judgment of divorce exceeded the jurisdiction of the court, in prohibiting the use of the name of her former husband, and therefore, while using her real name, "Elizabeth L. Waters," in private life, she has, under the advice of counsel, used the name of "Baroness Blanc" for theatrical purposes, in her vocation of an actress, presumably believing that thereby more prominence would be given to her in that vocation. It is undoubtedly the rule that, while courts of equity have entertained jurisdiction in matters arising between husband and wife, even to the annulment of a marriage, upon general equitable grounds, still actions for divorce on the ground of adultery are the creatures of statute, marriages having been regarded as sacramental obligations by ecclesiastical authority. The courts therefore have no common-law jurisdiction on the subject of divorce, but their power is confined to the exercise of the express powers conferred by statute, and such incidental ones as are necessary to the full exercise of proper relief. Erkenbrach v. Erkenbrach, 96 N. Y. 456. The sole question of law, therefore, arising, is whether a judgment of this court between the same parties, deciding that the court had jurisdiction to prohibit the use of the married name, may be assailed collaterally as without any jurisdiction to support it. The ordinary rule of incidental power gives the judicial tribunal which has lawful grasp of the subject of the action authority to take into consideration and pass upon the rights which spring from the marriage, and afford such full relief as the wronged party is entitled to. Where a statute prescribes a new cause of action, or gives an additional remedy, for wrongs or breach of contract, it is not necessary to prescribe in detail how far the courts may go in enforcing that remedy, to give to the court the view of circumstances involved in the litigation, and the ultimate relief which shall be awarded.

Is the question of name borne by the wife one of those matters which come from the inception of the marriage relation, and which

ought to terminate when she has, by misconduct, lost her right to its use? By the old theory of marriage, in the evolution from the period when wives were regarded more as chattels than beings, and as concubines than consorts, the ceremony made husband and wife one, in the eye of the law. The wife left the parental roof, and her existence became united with that of the husband, as a part of his household, the mother of his children, and the sharer in his name. It was perhaps more emphatically so under the customs flowing from the habits of the Saxon and Celtic races inhabiting England, and so transmitted through the various states of this country. Chapman v. Bank, 85 N. Y. 449. Does not the wife's misconduct, judicially announced and decided, sever the marital relation, and deprive her of the power to further use the name which she obtained the right to use solely by the office of marriage? How can she further claim the right to identify herself with her former husband, when all relations between them are so broken? Courts have a right to regard her use of the name as of serious consequence to the innocent husband. There are higher rights flowing out of the marriage than the pecuniary part, as affecting either of the persons concerned. The unoffending party ought certainly to have the privilege of preventing the claim directly made, or so urged upon the public as to deceive it, that the other is still the lawful spouse, and still has the right to bear the name of that spouse. Such a husband may be affected in a pecuniary way. Out of the marital obligation comes the duty to provide the necessaries for the wife; and while, after a decree of divorce, he may not be legally liable to persons from whom she purchases on his credit, yet others may be deceived, and they may be the losers, and he be subjected to annoying and vexatious litigations. And, if such unoffending party desires to remarry, the use by the former wife of his name might be a serious impediment in gaining the consent of some worthy woman, who might not want to be one of two women bearing the name of the husband. I think the court did not transgress its power when it held that the use of the name was a subject fairly within its consideration, and its determination cannot be assailed as without jurisdiction in an action which is res adjudicata as between the parties now present before the court. The motion therefore is granted to punish the defendant for contempt; but, as she has acted under the advice of counsel, with some show of plausibility for her reasons of belief that she might have the right to use the name in the way she did, a light fine may be sufficient punishment for the present occasion. A fine of $50 is therefore imposed.

In the second action, the only serious difficulty I have in arriving at the conclusion that the injunction should be allowed arises upon the inquiry as to its necessity. The judgment for divorce, continuing in its effect as to the injunctive clause, does not require any assistance from a second injunction issuing in another action. On this ground, therefore, the motion is denied.

Ordered accordingly.